RECEIVED
IN LAKE CHARLES, LA.
JUN 14 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COX, COX, FILO, CAMEL & WILSON, LLC | : | DOCKET NO. 2:11CV00856 |
| VS. | : | JUDGE MINALDI |
| SASOL NORTH AMERICA, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is the plaintiff's, Cox, Cox, Filo, Camel & Wilson, L.L.C.'s ("CCFCW") Appeal (Rec. Doc. 61) of the Magistrate Judge's Ruling denying the plaintiff's Motion to Remand and Motion for Imposition of Costs and Attorneys Fees. The defendants, Sasol North America, Inc, et al. ("Sasol" for the purpose of this motion), have opposed the motion and CCFCW has filed a reply.

The sole issue before the court is the domicile of Wendell Richard Rogers ("Rogers"). The Magistrate Judge allowed limited discovery on this issue. She reviewed the arguments of counsel and reasoned that Rogers is domiciled in Texas, therefore there is complete diversity and she denied remand.

A person's citizenship for purposes of diversity is based upon his domicile. Domicile is "the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' " *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998)(quoting 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612 (2d ed. 1984)). A person can have multiple residences, but only one domicile. *Rosario v. I.N.S.,* 962

F.2d 220, 224 (2d Cir.1992)("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile."). Domicile is determined as of the date the complaint is filed. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir.2001).

A person's domicile, once established, is presumed to continue absent evidence that it has been changed. *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir.1998). To effect a change in domicile, two elements are required: (1) residence in a new domicile; and (2) the intention to remain there indefinitely. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir.2000). A person asserting a change in domicile bears the burden of proving it by clear and convincing evidence. *Id; Ceglia v. Zuckerberg*, 772 F.Supp.2d 453, 455 -456 (W.D.N.Y. 2011).

In support of the motion to remand CCFCW showed that:

1) The address of Dick Roger's alleged residence, 167 Rainbow Drive, Box 6795, Livingston, Texas, "is nothing more than a mail slot (shared with at least 94 other people) at a mail forwarding service for people like Rogers who spend the majority of their time traveling in R.V.'s."

2) Dick Rogers owns property in Louisiana, while he owns none in Texas; he claims a "homestead exemption" on his home in Lake Charles (which certifies to the tax assessor that his Louisiana home is his primary residence).

3) Dick Rogers is registered to vote and has continued to vote in Calcasieu Parish, Louisiana;[3] he maintains his primary bank accounts in Lake Charles.

4) Dick Rogers belongs to clubs in Lake Charles,[5] maintains state and federal licenses in Louisiana listing his Frazier Street address,[6] continues to receive mail at the Frazier Street address, maintains utilities in his name at the Frazier Street address, uses a Louisiana CPA to file his taxes, and regularly sees several physicians in Lake Charles. *Id.*

Sasol, on the other hand, contends that Rogers and his wife, in addition to moving their legal residence to Livingston, Texas in September 2001: (1) obtained Texas driver's licenses in September 2001; (2) registered their vehicle in Texas in September 2001; (3) opened a Texas bank account; (4)

changed the address on their Social Security Card to Texas; (5) filed federal income taxes in Texas since 2001; (6) spent at least six months per year in Texas since 2009; (7) received jury summons in Polk County, Texas; (8) leased property in Mission, Texas; and (9) established relationships with Texas physicians. The evidence further showed that Rogers is a retired Lake Charles school teacher and that he and his wife left Louisiana in September 2001 to establish their domicile in Livingston, Texas at the headquarters of the Escapees RV Club -- a home and support network for full-time recreational vehicle ("RV") travelers -- with the intention of spending their retirement traveling around the country in their RV.

To determine domicile, courts must consider a variety of factors, including "places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). In addition to the above factors, the court will consider "all evidence" that sheds light on a party's intent to establish domicile. *Id.*

CCFCW makes much of the fact that the actual address is a post office box and it is impossible for the Rogers to live there. The post office box gathers mail for all the residents of the RV Park, but this does not make it an invalid address. This was only one factor of many considered by the Magistrate Judge. The Magistrate Judge considered many factors and determined that Rogers's domicile is in Texas. Her conclusion is not clearly erroneous or contrary to law[1] and

---

[1] Reversal of a non-dispositive order issued by a magistrate judge is proper only upon a showing that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The Fifth Circuit has held that an order is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United*

therefore, it is affirmed.

Likewise, the Magistrate Judge denied CCFCW's motion for attorneys fees. "Attorney's fees should not be awarded [under 28 U.S.C. § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 543 (5th Cir. 2004). Applying this standard to the facts of this case, the Magistrate Judge's denial of the motion is also affirmed.

Lake Charles, Louisiana, this 14 day of June, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

*States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).