RECEIVED
IN LAKE CHARLES, LA
AUG 22 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COX, COX, FILO, CAMEL & WILSON, LLC | : | DOCKET NO. 2:11-CV-00856 |
| VS. | : | JUDGE MINALDI |
| SASOL NORTH AMERICA INC., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

On October 11, 2012, this court granted a Motion to Dismiss filed by the defendants, Sasol North America and Peter Markey (collectively, "Sasol"), dismissing the above-captioned case with prejudice under Fed. R. Civ. P. 12(b)(1) because the plaintiff, Cox, Cox, Filo, Camel & Wilson, LLC ("CCFCW") had failed to allege in its petition one of the requisite elements of standing under the Louisiana Racketeering Act, La. Rev. Stat. ann. § 15:1351, *et seq.* (namely, proof of a concrete injury).[1] CCFCW then appealed this court's decision to the Fifth Circuit, arguing that the court erred in dismissing the case with prejudice under Rule 12(b)(1). On June 13, 2013, the Fifth Circuit issued a brief opinion, agreeing with CCFCW that dismissal under Rule 12(b)(1) must be without prejudice (as opposed to with prejudice), but noting that this court's dismissal "tracked an inquiry into whether plaintiff stated a claim under Louisiana's Racketeering Act–a Rule 12(b)(6) question."[2] Instead of rewriting this court's opinion, the Fifth Circuit deigned it appropriate to vacate and remand the case for further proceedings.[3]

---

[1] *See generally* October 12, 2012 Mem. Ruling, [Doc. 73], and accompanying Judgment, [Doc. 72].

[2] "Cox, Cox, Filo Camel & Wilson, L.L.C. v. Sasol North America, et al," case no. 12-31123, [Doc. 82] at pp. 5–6.

[3] *Id.* at p. 6.

1

In light of the Fifth Circuit's opinion, CCFCW filed a Second Motion to Remand [Doc. 79], arguing that remand was appropriate because the Fifth Circuit had held this court should have dismissed the case without prejudice based on lack of subject matter jurisdiction. Sasol responded by concurrently filing an opposition to the Motion to Remand and a Cross Motion to Dismiss [Docs. 83, 84]. CCFCW did not file an opposition to the Cross Motion to Dismiss within the requisite time period, and thus the undersigned finds that the motions are fully briefed. For the foregoing reasons, CCFCW's Second Motion to Remand is DENIED and Sasol's Cross Motion to Dismiss is GRANTED.

## LAW & ANALYSIS

As the undersigned summarized the relevant facts of this case in its previous ruling, a reiteration of the factual background in this opinion is unnecessary. Suffice it to say that, briefly, CCFCW claims in its complaint that Sasol and various individual defendants engaged in an illegal and unethical scheme to obtain confidential information and documents related to a personal injury suit CCFCW had filed against Sasol, in violation of the Louisiana Racketeering Act.[4]

### I.   CCFCW's Second Motion to Remand

The undersigned will first address CCFCW's Second Motion to Remand. In its motion, CCFCW grossly mischaracterizes the Fifth Circuit's holding in order to come to the conclusion that remand is appropriate. While the Fifth Circuit may have found that, in general, it is improper to dismiss a case with prejudice under Rule 12(b)(1), the ultimate directive of the Fifth Circuit was *not* to remand to this court so that it could dismiss the case without prejudice or else remand the case to state court. Instead, the Fifth Circuit correctly and succinctly stated that dismissal of the case based on lack of RICO standing tracked more closely with a Fed. R. Civ. P.

---

[4] Pl.'s Compl., [Doc. 1-2], at ¶ 15.

12(b)(6) inquiry, which *would* require dismissal on the merits. Accordingly, CCFCW's baseless Motion to Remand must be denied.

## II. Sasol's Cross Motion to Dismiss

The undersigned will next turn to Sasol's renewed Motion to Dismiss. In general, a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Determining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Id.* Courts will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005)); *see also Iqbal,* 556 U.S. at 664, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

As noted by the Fifth Circuit in its previous opinion, a dismissal based on lack of RICO standing should be construed as a motion to dismiss on the merits under Rule 12(b)(6), as opposed to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1).

While the Fifth Circuit had, up until this point, never explicitly addressed this issue, circuit courts that have are in accord. *See., e.g., In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 245 (3d Cir. 2012) ("dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim") (citation omitted); *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 662 (8th Cir. 2012) (affirming district court's dismissal of RICO claims under Rule 12(b)(6) for lack of statutory standing where plaintiff did not "plausibly allege a concrete financial loss caused by a RICO violation"); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 974 n.7 (9th Cir. 2008) ("the question of statutory standing [under RICO] is to be resolved under Rule 12(b)(6), once Article III standing has been established."); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 129–30 (2d Cir 2003) (holding that a district court's dismissal of a case based on lack of RICO standing should be addressed under a Rule 12(b)(6) failure to state a claim analysis instead of a Rule 12(b)(1) lack of subject matter jurisdiction analysis); *DeMauro v. DeMauro*, 115 F.3d 94, 96 (1st Cir. 1997) (stating that although the question whether a plaintiff has pled "a claim of 'injury' to her 'business or property' as required for a civil RICO damages action . . . is sometimes described as a 'standing' issue," there "is plainly a case or controversy under Article III; but the statutory precondition of injury to business or property must also be met").

As in their original motion, Sasol asserts that CCFCW has failed to allege a single tangible injury to their "business or property" proximately caused by any alleged racketeering violation, and thus CCFCW lacks RICO standing. The undersigned notes that in the interim between this court's original ruling, the relevant standards for addressing a Louisiana Racketeering Act case have remained the same. Accordingly, the court once again must look to federal case law construing the federal Racketeer Influenced and Corrupt Organization Act to

address CCFCW's Louisiana Racketeering Act claim, based on the fact that the acts are parallel, and the dearth of case law specifically addressing Louisiana's Racketeering Act itself. *State v. Touchet,* 99-1416 (La. App. 3 Cir. 4/5/00); 759 So.2d 194, 197.

The relevant provision of RICO, 18 U.S.C. § 1964(c), provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue. . . in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." In order to confer standing, a civil RICO claimant must prove: "(1) violation of substantive RICO statute, and (2) an injury to the plaintiff's business or property. . . ." *Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1168 (5th Cir. 1984) (abrogated on other grounds) (citations omitted); *see also GreenPeace, Inc. v. Dow Chemical Co.*, 808 F.Supp. 2d 262, 268-69 (D. D.C. 2011). Injury to mere expectancy interests or to an "intangible property interest" is not sufficient to confer RICO standing. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998). Rather, "[t]o demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss." *Chaset v. Fleer/Skybox Intern, LP,* 300 F.3d 1083, 1086–87 (9th Cir. 2002); *Regions Bank v. J.R. Oil Co.*, 387 F.3d 721, 728–29 (8th Cir.2004) (same); *see also Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 492 n. 16 (5th Cir.2003) (holding that a plaintiff lacks RICO standing "unless he can show concrete financial loss.").

Turning to the face of the complaint, as noted in this court's earlier opinion, CCFCW has not alleged a concrete financial loss which would confer RICO standing. Indeed, CCFCW has failed to amend its complaint to address this court's earlier conclusion that CCFCW's allegations "have none of the hallmarks of the conclusive financial loss necessary to qualify as a RICO injury, because quantifying it would require 'extensive speculation' rather than 'the calculation

5

of present, actual damages.'"[4] Because these pleading deficiencies have gone uncorrected, Sasol's Cross Motion to Dismiss must be granted.

## CONCLUSION

In conclusion, because CCFCW's argument in support of remand rests solely on a mischaracterization of the Fifth Circuit's previous ruling in this case, CCFCW's Second Motion to Remand must be denied. Additionally, because CCFCW's petition fails to allege a concrete financial loss, as is required to confer RICO standing, dismissal of CCFCW's claims with prejudice under Rule 12(b)(6) is appropriate.

Lake Charles, Louisiana, this 21 day of August 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Mem. Ruling at p. 8 (citing *In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995).